Nash, J,
 

 This case is similar in its foundation to that of the Executors of
 
 Howcotl
 
 against Warren, decided at this Term. It was the opinion of the Court in that case, that the right to file a petition under the act concerning mills, for an injury sustained by tbe erection of a mill during the life of an individual, survived
 
 to
 
 his executor or administrator, in like manner as it was possessed by him. The question here is, whether a petition can be brought against the executor of the party committing the injury. The opinion of the presiding Judge was, “that the proceeding under the Act was applicable to present and continuing
 
 *25
 
 injuries, and did not apply to past injuries, and that the proceeding could not be sustained by an executor nor against an executor.” In the case referred to, we have decided, that the right to bring the action, for an injury committed during- the life of the testator, did survive to his executor; and we are of opinion that the petition can be brought against the executor of him, who committed the injury.
 

 The petition alleges that Howcott, the testator, .was the owner of the tract of land which adjoined the lands of James Coffield, who erected on his own land, a mill dam, which poured the water on the land of the intestate, whereby it was injured
 
 ;
 
 that Coffield is dead, having duly made his last will and testament, and that the defendant is his executor, and claims from the defendant the damages which his testator sustained in his life time, in consequence thereof. Unless this action can be sustained by the plaintiff, the estate of the testator is without redress. The heirs are clearly not answerable.
 
 Fellow
 
 v.
 
 Fulgham, 3 Mur.
 
 254 ; and though the Court does not, in so many words, say, the executors are answerable; they strongly intimate it. That was a petition to recover damages for the erection of a mill dam. During its pendency the defendant died, and a
 
 sei.fa.
 
 issued against his heirs. The Court decided that it could not be sustained, for in no case was the heir answerable for the
 
 tori
 
 of his ancestor. They then go on to say, “executors and administrators act in
 
 autre droit,
 
 and maintain the rights of their testators and intestates.” But the Act of Assembly under which the petition is filed, expressly gives the remedy. It gives to executors and administrators, “ actions in like manner as their testator or intestate might have had, for goods taken, &c., or for injuries done to the property of said intestate or testator, either real or personal, &c.” — “against the person or persons so detaining, &c. or committing such injury, &e., thdfai and
 
 *26
 
 each of them and each of their executors, administrators and heirs.” The act then expressly gives the executor the right to sue for an injury done to his testator’s real property, during his life, in. like manner, as. he couid himself, not only against the person committing the injury, but against his executor or administrator. It is. right it should be so. The property of the plaintiff’s testator has been injured by the wrongful act of the defendant’s testator , the damages, when properly ascertained, become a debt which ought, in- the first place, to be paid out of the personal assets.. Two objections have been raised in the argument here against this conclusion ; one is, that as-the acthas subjected the mill to execution to satisfy the judgment, the plaintiff may recover,, and the heirs,, who are now the owners of the mill, are not parties to these proceedings ; and the second is, that the executor or administrator may have no' assets, to meet the judgment, and no provision is made in the act for trying such a question. The answer to the first exception is, that that provision- in- the act applies only to- cases, where the' owner or 'occupier of the mill is the defendant, and not to the case of an executor, which is necessarily an exception. As to the question of assets
 
 i
 
 when the act gives the action against the executor, it does not deprive him of the privilege of protecting himself by proper pleas,, pleaded at the proper time. The petition charges that the defendant has assets, and it is not denied.
 

 Per Curiam„ Judgment reversed..